UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE TROTTER,

        Plaintiff,

       v.                           Case No. 21-cv-0941-bhl

MILWAUKEE COUNTY JAIL,
MILWAUKEE COUNTY,
WELLPATH MEDICAL PROVIDER,
JOHN DOE,
NURSE BRANDON, and
JANE DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Tyrone Trotter, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 10, 2021, the Court screened Trotter's complaint and gave him the opportunity to file an amended complaint, which he did on January 10, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As the Court explained in its original screening order, The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint

complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Trotter alleges that on July 9, 2021, he slipped on some water and fell hard on his right hip. He asserts that he heard a loud pop and felt a sharp pain in his lower back, hip, and right leg. Officers called a medical emergency, and a nurse allegedly examined Trotter, cleared him to walk, and told him he would receive pain medication. Trotter notes that the nurse did not call an ambulance, consult with a doctor, or take him to the clinic. Trotter states that she left him alone and in pain and barely able to walk. Dkt. No. 16 at 2-3.

2

According to Trotter, his pain continued and was nearly unbearable that night when he tried to lay down or sleep. Trotter asserts that for several medication passes nurses did not give him pain medication, take him to the clinic, consult with a doctor, or order x-rays. Trotter states that "this same negligent pattern of medical malpractice continued for at least two full weeks; morning and night with Nurse Brandon and Jane Doe (B) and Wellpath providers neglecting to give him proper treatment." Trotter further notes that he still has "not been examined by a proper orthopedic or neurological medical specialist." Dkt. No. 16 at 3.

## ANALYSIS

In screening Trotter's original complaint, the Court informed Trotter that his allegations about the care he received (or did not receive) were too vague and inconsistent to state a claim. The Court explained that his allegations must make clear *who* allegedly violated his rights and *what* that person did or did not do to violate his rights. The Court explained that, as an example, if Trotter believes there was an unjustified delay in receiving pain medication, he must allege who he spoke to about his condition, what information he communicated to that person, and how that person did (or did not) respond. Dkt. No. 12 at 4. Trotter did not heed the Court's advice. The allegations in his amended complaint are equally vague and therefore fail to state a claim upon which relief can be granted.

Trotter alleges that, after he fell, a nurse examined him, cleared him to walk, and told him he would receive pain medication. Trotter asserts that the nurse should have called an ambulance so he could be taken to the hospital for immediate treatment and diagnostic tests. But, while Trotter was in pain, nothing suggests that his condition was so severe that emergency care at a hospital was warranted. The nurse did not ignore Trotter; she merely reached a different conclusion about the level of care that Trotter's injury required. Given that Trotter was able to walk back to his

3

cell—albeit "barely"—the Court cannot reasonably infer that her treatment decisions were objectively unreasonable. *See McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (to state a claim, the court must be able to reasonably infer that the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case" and that the challenged conduct was objectively unreasonable).

Trotter next alleges that unidentified nurses did not give him pain medication during the next several medication passes and did not take him to the clinic, but Trotter does not allege that these nurses were even aware that Trotter was in pain. They cannot be liable for failing to address complaints of pain that they did not know about. Further, as the Court pointed out in its original screening order, Trotter fails to clarify whether he submitted a health services request or followed the jail's procedures for requesting medical care. Nurses assigned to medication pass are not expected to interrupt their duties to address every inmate's demand for treatment, particularly when an inmate has failed to follow policies and procedures for obtaining care. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (explaining that jails divide tasks and "no prisoner is entitled to insist that one employee do another's job"). He also asserts that they did not give him an order for an x-ray for several days, but, again, he does not explain whether the x-ray revealed an injury. Trotter cannot demonstrate a recoverable injury if he was made to wait for an x-ray that showed no abnormalities. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.")

With regard to Defendants Nurse Brandon, Jane Doe (B), and the Wellpath medical providers, Trotter alleges only that "this same negligent pattern of medical malpractice continued for at least two full weeks . . . [with them] neglecting to give [him] proper treatment." Dkt. No.

16 at 3. But Trotter fails to explain what he means by "negligent pattern" or "proper treatment." In any event, assertions of negligence and medical malpractice do not give rise to a claim under the Constitution. *See Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) ("Negligence alone, or simple medical malpractice, is insufficient to state a claim for relief.") (citations omitted). And "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. Given Trotter's failure to support his conclusory statements of negligent care with factual allegations clarifying what each person did or did not do to violate his Constitutional rights, he fails to state a claim against them.

Finally, Trotter fails to state a claim against Milwaukee County, the Milwaukee County Jail (which is not a suable entity apart from Milwaukee County), and the Medical Director of Wellpath. Although he names them in the caption of his amended complaint, his amended complaint contains no allegations setting forth what they did nor did not do to violate his constitutional rights. As the Court already explained to Trotter, §1983 requires that an individual or entity be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id.* Trotter fails to do this, so he fails to state a claim against them.

**IT IS THEREFORE ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

5

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on January 21, 2022.

                                                            s/ *Brett H. Ludwig*
                                                            BRETT H. LUDWIG
                                                            United States District Judge